# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| THALIA THOMPSON, | : | Case No. 3:25-cv-00259 |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| FUYAO GLASS AMERICA, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION
## TO DENY *IN FORMA PAUPERIS* STATUS AND
## ORDER PLAINTIFF TO PAY THE FILING COSTS

Thalia Kiesha Jasmine Thompson recently submitted a *pro se* complaint and related documents to this Court. She sues a former employer for discrimination and wrongful termination, among other things. (Complaint, Doc. No. 1-1 at PageID 5-6.) The case is currently before the undersigned United States Magistrate Judge to consider Plaintiff's Application to proceed *in forma pauperis* and without prepaying the filing fees. ("IFP Application," Doc. No. 1 at PageID 1-3.) For the reasons explained below, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application and **ORDER** her to pay the filing costs in full.[1]

---

[1] The total amount to file is $405, which consists of a civil filing fee of $350, plus a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Aug. 1, 2025).

"To proceed *in forma pauperis*, plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly destitute.'" *Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). "Instead, a plaintiff must merely show that he is unable to, 'because of his poverty, pay or give security for the [filing] costs and still be able to provide himself and dependents with the necessities of life.'" *Id.*

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. . . . *In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). Courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017).

Plaintiff Thompson's IFP Application reflects that she is employed and earns $3,000 per month. (Doc. No. 1 at PageID 2.) She has four dependents who appear to be minors. (*Id.*) Plaintiff states that she owns no property, such as real estate or automobiles, and has no cash on hand or in accounts. (*Id.* at PageID 3.) Plaintiff lists several monthly expenses, but they are not extraordinary. (Doc. No. 1 at PageID 3 [listing rent and

2

utilities].) When these monthly expenses are subtracted from Plaintiff's monthly income, sufficient funds remain for payment of the filing costs.

The undersigned therefore finds that Plaintiff has not shown she is unable to afford the costs of filing this case while still providing for the necessities of life. *See Adkins,* 335 U.S. at 339. Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and **ORDER** her to pay $405 (the $350 filing fee plus a $55 administrative fee) in full within thirty days if she wants to proceed.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of this Court.

Plaintiff may wish to consult the Guide for Pro Se Civil Litigants, which may be found on the Court's website, https://www.ohsd.uscourts.gov/pro-se. She is **ADVISED** that she must notify the Court of any changes to her address while this case is pending.

Finally, the undersigned notes that Plaintiff's minor dependents' full names appear in the IFP Application. (Doc. No. 1 at PageID 2.) The Clerk of Court is **DIRECTED** to hold that document only **UNDER SEAL** until further order of this Court. (Doc. No. 1 at PageID 1-3.) Minors should only be referred to by their initials in public filings. *See* Fed. R. Civ. P. 5.2(a).

    **IT IS SO RECOMMENDED AND ORDERED.**

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).