IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THALIA KIESHA JASMINE
THOMPSON

      Plaintiff,

v.

FUYAO GLASS AMERICA,

      Defendant.

:
:
:
:
:

Case No. 3:25-cv-259

JUDGE WALTER H. RICE

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DOC. #14) AND SUSTAINING DEFENDANT'S MOTION TO DISMISS (DOC. #8); PLAINTIFF IS GRANTED 28 DAYS TO FILE AMENDED COMPLAINT

Before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendant Fuyao Glass America ("Defendant"). Doc. #8. Plaintiff Thalia Kiesha Jasmine Thompson ("Plaintiff") filed a response in opposition to the motion, Doc. #12, and Defendant filed a reply in support of its motion. Doc. #13. Plaintiff also filed a Motion for Leave to File Sur-Reply. Doc. #14.

For the reasons stated herein, Plaintiff's Motion for Leave to file Sur-Reply, Doc. #14, is SUSTAINED. Defendant's Motion to Dismiss, Doc. #8, is SUSTAINED.

**I.    Background**

Thalia Thompson was employed at Fuyao Glass America until her termination on November 13, 2023. Thompson initially filed this suit on July 30,

2025, seeking in forma pauperis status. Doc. #1. On September 15, 2025, this Court rejected her attempt to proceed in forma pauperis and required Plaintiff to pay the requisite filing fee to continue the case.

Plaintiff paid the fee on October 15, 2025, and her Complaint was officially docketed that same day. Doc. #5. Defendant filed a Motion to Dismiss on November 26, 2025, arguing that Plaintiff had not properly alleged this Court's subject matter jurisdiction as required under Fed. R. Civ. P. 12(b)(6) and that Plaintiff had not properly alleged claims upon which relief could be granted as required under Fed. R. Civ. P. 12(b)(1). Doc. #8.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most

favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id.* at 679.

To survive to the discovery phase, a plaintiff need only establish that the pleadings be plausible, not probable. *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 458 (6th Cir. 2011). "Ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage." *Id.*

A challenge to the subject matter jurisdiction of the United States District Court under Rule 12(b)(1) of the Federal Rules of Civil Procedure may either be facial or factual. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). A facial

challenge requires all the plaintiff's allegation to be accepted as true, "much as with a Rule 12(b)(6) motion." *Id.* In contrast, a factual challenge to the court's subject matter jurisdiction allows the court to "weigh evidence to confirm the existence of the factual predicates for subject matter jurisdiction," without presuming the truth of the allegations. *Id.* (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)). "Making this 'crucial distinction, often overlooked,' is essential to determining the proper standard of review to apply." *Lockhart v. Garzella*, No. 3:19-cv-405, 2022 WL 1046766, at *5 (S.D. Ohio Apr. 7, 2022) (Rice, J.) (quoting RMI Titanium, 78 F.3d at 1134).

Here, Defendants' challenges to this Court's subject matter jurisdiction are purely legal. As such, the Court will assume all of Plaintiff's factual allegations to be true, as with the standard of review for a motion made under Rule 12(b)(6).

### III. Analysis

Defendant's arguments for dismissal boil down to a single core idea: Plaintiff has not sufficiently alleged the basis for the claims she now brings. In its motion, Defendant argues that Plaintiff has failed to allege sufficient non-conclusory facts to support her claims. Doc. #8, PageID #45. Moreover, Defendant posits that Plaintiff has failed to allege membership in a protected class or state specific facts showing how she was discriminated against because of her membership in a protected class.

4

Plaintiff's response in opposition to the motion consists largely of a personal narrative surrounding her employment at Fuyao. For example, she states that "I was assaulted by a 3rd party associate. I followed proper procedure & was fired for it." Doc. #12, PageID #61. Plaintiff, however, does not squarely respond to Defendant's legal arguments.

After Defendant's reply reiterated the notion that Plaintiff had failed to provide a legal justification supporting her view, Plaintiff filed a motion seeking leave to file a sur-reply. Docs. #13, 14. As justification for the sur-reply, Plaintiff states that she did meet her burden of validly alleging claims of wrongful termination, discrimination, and retaliation. Doc. #14, PageID #129. The Court will consider Plaintiff's proposed sur-reply and therefore SUSTAINS her motion seeking leave to file the same. Doc. #14.

However, Plaintiff's sur-reply does not remedy the failure to address Defendant's legal arguments. Instead, she reiterates that she feels as though she were wronged and mentions two other cases brought against Defendant which she claims support her cause of action.[1] Doc. #14, PageID #131.

---

[1] Plaintiff does not provide citations to the two cases she mentions, but it appears that she references *Garner v. Fuyao Glass America*, No. 3:21-cv-51, 2023 WL 7018791 (S.D. Ohio Oct. 20, 2023). *Garner* was dismissed in favor of the defendant at the summary judgment stage and the appeal to the Sixth Circuit was dismissed by stipulation of the parties. *Id.*; *Garner v. Fuyao Glass America, Inc.*, No. 23-3960,

Pro se filings are "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted). But that leeway is not unlimited, and "[e]ven a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012). Moreover, the law is clear that a court evaluating a motion to dismiss "must focus only on the allegations in the pleadings," and cannot consider additional facts asserted in memoranda opposing the motion to dismiss. *Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

Plaintiff's claims are relatively brief and can be restated in full here:

I was wrongfully terminated by Fuyao Glass America on 11/13/23. I was discriminated against due to my ethnic background & gender. I was made to work in a hostile work environment. All my issues & concerns were brought to my management & employee relations rep but nothing was done. I was targeted by my co-workers & management these concerns were brought up to my management & employee rep & nothing happened except me getting fired. I have proof of all situations & policies that I was let go for to prove my case & witnesses.

---

2024 WL 832772 (6th Cir. Feb. 20, 2024). Plaintiff also mentions "Coldly vs. Fuyao," a case which this Court has been unable to locate.

Doc. #5, PageID #28.

It is not immediately clear upon what basis Plaintiff claims subject matter jurisdiction under. By indicating in the Complaint that this Court has subject matter jurisdiction under 28 U.S.C. §1343(3), Plaintiff appears to claim that Defendant was acting under color of state law. Doc. #3, PageID #27. However, Plaintiff offers no facts suggesting such a finding. Likewise, the Complaint lacks information sufficient to find that diversity jurisdiction is proper under 28 U.S.C. §1332(a)(1).

The presence or absence of federal question jurisdiction under 28 U.S.C. § 1331 hinges on the nature of Plaintiff's claims. Yet, this issue is also murky at best. Plaintiff invokes claims like wrongful termination, ethnic and gender discrimination, and hostile work environment, but does so only in conclusory language, providing no facts describing the behavior upon which those claims might rest. Conclusory allegations are insufficient to support a valid cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, a valid complaint must be supported by factual allegations. *Iqbal*, 556 U.S. at 664. Indeed, this Court warned Plaintiff in a prior decision that the allegations provided in the Complaint contained merely conclusory allegations and could not support a valid cause of action. Doc. #3, PageID #23 n.1. As a result, these claims, to the extent they were actually asserted in the Complaint, are not plausibly claimed such that relief could be granted.

7

Plaintiff's Complaint, as filed, cannot validly state a claim upon which relief could be granted and must be dismissed under Fed. R. Civ. P. 12(b)(6). Moreover, because Plaintiff cannot make out a claim sufficient to grant this Court jurisdiction over the matter under 28 U.S.C. 1331, dismissal is also warranted under Fed. R. Civ. P. 12(b)(1).

## IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant's Motion to Dismiss. Doc. #8.

The Court's dismissal is without prejudice to the filing of an Amended Complaint within twenty-eight (28) days of this Decision and Entry, consistent with Fed. R. Civ. P. 11 and this Court's opinion. Should Plaintiff fail to file such aa pleading, the matter will be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1).

Date: January 16, 2026

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE